

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | UNDER SEAL |
|  | * |  |
| v. | * | CRIMINAL NO. CCB 16-0236  0235 |
|  | * |  |
| DEANDRE SMITH, | * | (Conspiracy to Distribute and Possess |
| a/k/a "Blue Black," | * | with Intent to Distribute a Controlled |
| RODNEY SCOTT, | * | Substance, 21 U.S.C. §§ 846, 860; |
| a/k/a "Richie Rod," | * | Possession with Intent to Distribute a |
| DYMIR RHODES, | * | Controlled Substance, 21 U.S.C. §§ |
| JAMAL CARTER, | * | 841(a)(l), 860; Maintaining a Drug- |
| a/k/a "Fat Mal," | * | Involved Premises, 21 U.S.C. § |
| TONY WASHINGTON, | * | 856(a)(l); Possession of a Firearm in |
| a/k/a "Antonio Wallace," | * | Furtherance of a Drug Trafficking |
| BRANDON KELLUM, | * | Crime Causing Death, 18 U.S.C. §§ |
| a/k/a "Brandon Kellam," | * | 924(c) and (j); Aiding and Abetting, 18 |
| a/k/a "Brandon Kelam," | * | U.S.C. § 2; Forfeiture, 21 U.S.C. § 853) |
| GEORGE KELLY, | * |  |
| DERRELL MILLS, | * |  |
| a/k/a "Down Bottom Rell," | * |  |
| KARRON WHEELER, | * |  |
| a/k/a "Pipe," | * |  |
| GARRION McCELLAN, | * |  |
| a/k/a "G," | * |  |
|  | * |  |
| **Defendants** | * |  |
|  | * |  |
|  | * |  |

******

## SECOND SUPERSEDING INDICTMENT

### COUNT ONE
### (Conspiracy to Distribute and Possess with Intent to Distribute Heroin, Cocaine, and Fentanyl)

1.    The Grand Jury for the District of Maryland charges that:

2.    From in or about May 2015, and continuing through in or about April 28, 2016, in

the District of Maryland and elsewhere,

**DEANDRE SMITH,**
**a/k/a "Blue Black"**

RODNEY SCOTT,
a/k/a "Richie Rod,"
DYMIR RHODES,
JAMAL CARTER,
a/k/a "Fat Mal,"
TONY WASHINGTON,
a/k/a "Antonio Wallace,"
BRANDON KELLUM,
a/k/a "Brandon Kellam,"
a/k/a "Brandon Kelam,"
GEORGE KELLY,
DERRELL MILLS,
a/k/a "Down Bottom Rell,"
KARRON WHEELER,
a/k/a "Pipe,"
GARRION McCELLAN,
a/k/a "G,"

the defendants herein, did knowingly, willfully, and unlawfully combine, conspire, confederate,

and agree with each other and with others known and unknown to the Grand Jury to knowingly,

intentionally, and unlawfully distribute and possess with intent to distribute, within 1,000 feet of

Eutaw-Marshburn Elementary School and elsewhere: a quantity of a mixture or substance

containing a detectable amount of heroin, a Schedule I controlled substance; a quantity of a

mixture or substance containing a detectable amount of cocaine, a Schedule II controlled

substance; and a quantity of a mixture or substance containing a detectable amount of fentanyl, a

Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(l).

### Quantity of Controlled Substances Involved in the Conspiracy

3.     With respect to **DEANDRE SMITH, a/k/a "Blue Black," RODNEY  SCOTT,**

**a/k/a "Richie Rod," DYMIR  RHODES, and JAMAL CARTER, a/k/a "Fat Mal,"** the

amount involved in the conspiracy attributable to each of them as a result of their own conduct,

and the conduct of other conspirators reasonably foreseeable to them, is one kilogram or more of

a mixture or substance containing a detectable amount of heroin, a quantity of a mixture or substance containing a detectable amount of fentanyl, and a quantity of a mixture or substance containing a detectable amount of cocaine.

4.    With respect to **TONY WASHINGTON, a/k/a "Antonio Wallace," DERRELL MILLS, a/k/a "Down Bottom Rell," KARRON WHEELER, a/k/a "Pipe," GARRION McCELLAN, a/k/a "G,"** the amount involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is one kilogram or more of a mixture or substance containing a detectable amount of heroin.

5.    With respect to **BRANDON KELLUM, a/k/a "Brandon Kellam," a/k/a "Brandon Kelam," and GEORGE KELLY**, the amount involved in the conspiracy attributable to each of them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is a quantity of a mixture or substance containing a detectable amount of fentanyl.

21 U.S.C. §§ 846, 860

## COUNT TWO
### (Possession with Intent to Distribute Heroin)

1.  The Grand Jury for the District of Maryland further charges that:

2.  On or about July 27, 2015, in the District of Maryland,

### JAMAL CARTER,
### a/k/a "Fat Mal,"

a defendant herein, did knowingly, intentionally and unlawfully possess with intent to distribute,

within 1,000 feet of Eutaw-Marshburn Elementary School and elsewhere, 100 grams or more of

a mixture or substance containing a detectable amount of heroin, a Schedule I controlled

substance.

21 U.S.C. §§ 84l(a)(l), 860
18 U.S.C. § 2

## COUNT THREE
### (Possession with Intent to Distribute Heroin)

1.     The Grand Jury for the District of Maryland further charges that:

2.     On or about August 18, 2015, in the District of Maryland,

### JAMAL CARTER,
### a/k/a "Fat Mal,"

a defendant herein, did knowingly, intentionally and unlawfully possess with intent to distribute,

within 1,000 feet of Eutaw-Marshburn Elementary School and elsewhere, 100 grams or more of

a mixture or substance containing a detectable amount of heroin, a Schedule I controlled

substance.


21 U.S.C. §§ 84J(a)(l), 860
18 U.S.C. § 2

## COUNT FOUR
### (Possession with Intent to Distribute Heroin)

1.     The Grand Jury for the District of Maryland further charges that:

2.     On or about October 7, 2015, in the District of Maryland,

### JAMAL CARTER,
### a/k/a "Fat Mal,"

a defendant herein, did knowingly, intentionally and unlawfully possess with intent to distribute,

within 1,000 feet of Eutaw-Marshburn Elementary School and elsewhere, a quantity of a mixture

or substance containing a detectable amount of heroin, a Schedule I controlled substance.


21 U.S.C. §§ 841(a)(l), 860
18 U.S.C. § 2

## COUNT FIVE
### (Possession with Intent to Distribute Fentanyl)

1. The Grand Jury for the District of Maryland further charges that:

2. On or about February 18, 2016, in the District of Maryland,

### BRANDON KELLUM,
### a/k/a "Brandon Kellam,"
### a/k/a "Brandon Kelam," and
### GEORGE KELLY,

defendants herein, did knowingly, intentionally and unlawfully possess with intent to distribute a

quantity of a mixture or substance containing a detectable amount of fentanyl, a Schedule II

controlled substance.

21 U.S.C. § 84l(a)(l)
18 U.S.C. § 2

## COUNT SIX
**(Possession with Intent to Distribute Heroin, Fentanyl, and Cocaine)**

1.    The Grand Jury for the District of Maryland further charges that:

2.    On or about April 28, 2016, in the District of Maryland,

**DEANDRE SMITH,**
**a/k/a "Blue Black,"**
**RODNEY SCOTT,**
**a/k/a "Ritchie Rod,"**
**DYMIR RHODES, and**
**JAMAL CARTER,**
**a/k/a "Fat Mal,"**

defendants herein, did knowingly, intentionally and unlawfully possess with intent to distribute

100 grams or more of a mixture or substance containing a detectable amount of heroin, a

Schedule I controlled substance; a quantity of a mixture or substance containing a detectable

amount of fentanyl, a Schedule II controlled substance; and a quantity of a mixture or substance

containing a detectable amount of cocaine, a Schedule II controlled substance.


21 U.S.C. § 841(a)(l)
18 U.S.C. § 2

## COUNT SEVEN
### (Maintaining a Drug-Involved Premises)

1.     The Grand Jury for the District of Maryland further charges that:

2.     From in or about September 2015, and continuing through in or about April 28,

2016, in the District of Maryland,

**DEANDRE SMITH,**
**a/k/a "Blue Black,"**
**RODNEY SCOTT,**
**a/k/a "Richie Rod,"**
**DYMIR RHODES, and**
**JAMAL CARTER,**
**a/k/a "Fat Mal,"**

defendants herein, did knowingly, intentionally, and unlawfully use and maintain the premises at

1111 Dlong Road, Apartment F, Catonsville, Maryland, for the purpose of manufacturing,

storing, distributing and using heroin, a Schedule I controlled substance, fentanyl, a Schedule II

controlled substance, and cocaine, a Schedule II controlled substance.

21 U.S.C. § 856(a)(l)
18 U.S.C. § 2

## COUNT EIGHT

On or about August 10, 2015, in the District of Maryland, the defendants,

**DEANDRE SMITH,**
**a/k/a "Blue Black," and**
**GARRION McCELLAN,**
**a/k/a "G,"**

did knowingly use, carry, brandish, and discharge a firearm during and in relation to a drug

trafficking crime for which they may be prosecuted in a court of the United States, to wit,

Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation

of Title 21 of the United States Code Section 846, as alleged in Count One of this Second

Superseding Indictment, and during and in relation to that crime did cause the death of a person

through the use of a firearm, which killing constituted the first degree murder, as defined in Title

18 of the United States Code, Section 1111, of a human being, SE.


18 U.S.C. § 924(c) and (j)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 18 U.S.C. 2461(c), in the event of the defendants' convictions under Counts One through Eight of this Second Superseding Indictment.

### Narcotics Forfeiture

2. Pursuant to 21 U.S.C. § 853(a), upon conviction of an offense in violation of the Controlled Substances Act, as alleged in Counts One through Seven of this Second Superseding Indictment, the defendants,

**DEANDRE SMITH,**
**a/k/a "Blue Black"**
**RODNEY SCOTT,**
**a/k/a "Richie Rod,"**
**DYMIR RHODES,**
**JAMAL CARTER,**
**a/k/a "Fat Mal,"**
**TONY WASHINGTON,**
**a/k/a "Antonio Wallace,"**
**BRANDON KELLUM,**
**a/k/a "Brandon Kellam,"**
**a/k/a "Brandon Kelam,"**
**GEORGE KELLY,**
**DERRELL MILLS,**
**a/k/a "Down Bottom Rell,"**
**KARRON WHEELER,**
**a/k/a "Pipe,"**
**GARRION McCELLAN,**
**a/k/a "G,"**

shall forfeit to the United States of America:

a.    any other property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and

b.    any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

### Substitute Assets

5.    If, as a result of any act or omission of a defendant, any such property subject to forfeiture:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third person;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or,

e.  has been commingled with other property which cannot be subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p).

21 U.S.C. § 853
18 U.S.C. § 924(d)
28 U.S.C. § 2461(c)

_Stephen M. Schenning_   %6 For
Stephen M. Schenning
Acting United States Attorney

SIGNATURE REDACTED

Foreperson

Dated: July _6_, 2017